IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 2:26-cr-005 |
| DOUGLAS ZYCH | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, and Michael L. Ivory, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

## I.  THE INFORMATION

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Theft of Government Property Valued Less than $1,000 October 20, 2020 | 18 U.S.C. § 641 |

## II.  ELEMENTS OF THE OFFENSE

### A.    As to Count 1:

In order for the crime of Theft of Government Property, in violation of 18 U.S.C § 641, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1

1.       That the money or property described in the Information belonged to an agency of the United States;

2.       That the defendant embezzled, stole, purloined or knowingly converted to his own use property as described in the Information, without authority to do so; and,

3.       That the stolen or converted property of the United States was valued in excess of $1,000.00 to prove a felony. If the stolen or converted property was valued at less than $1,000.00, the offense is a misdemeanor.

### III.  PENALTIES

**A.       As to Count 1: Theft of Government Property Valued Less than $1,000 (18 U.S.C. § 641):**

1.       Individuals - The maximum penalties for individuals are:

(a)       imprisonment of not more than one (1) year (18 U.S.C. § 641);

(b)       a fine not more than the greater of;

(1)       $100,000 (18 U.S.C. § 3571(b)(5));

<u>or</u>

(2)       an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c)       a term of supervised release of not more than one (1) year (18 U.S.C. § 3583);

(d)       Any or all of the above.

### IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $25.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

2

## V. **RESTITUTION**

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664, unless agreed to by the parties, as here.

## VI. **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

TROY RIVETTI
First Assistant United States Attorney


*/s/ Michael L. Ivory*
MICHAEL L. IVORY
Assistant U.S. Attorney
PA ID No. 59296

3